IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH A. MARTINO,**

        **Plaintiff,**

    v.                      CASE NO. 11-3075-SAC

**UNITED STATES MARSHAL
SERVICE, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This civil complaint was filed pro se by an inmate of the Federal Correctional Institution, Terminal Island, California. Plaintiff names as defendants Rich Meffron, Supervisor United States Marshal Service (USMS); Jackson County Detention Center, Holton, Kansas (JCDC); Charles Cornell, Jackson County Sheriff; James Gilchrist, Captain, JCDC; Holton Family Health Clinic; and "John Does 1-25." Plaintiff paid the filing fee.

### FACTUAL ALLEGATIONS AND CLAIMS

As the factual basis for his complaint, Mr. Martino alleges as follows. On March 25, 2008, he was arrested in Saline County, Kansas, for federal drug law violations. A federal grand jury returned an indictment against him. He was transferred into federal custody and to Topeka where he was "under the supervision of Defendant Meffron." After arraignment, plaintiff was ordered into the care and custody of U.S. Marshal (USM) Meffron and others unknown. He was then transported to the care and custody of defendant JCDC, under the supervision of defendants Sheriff Cornell and Captain Gilchrist and others unknown. At all relevant times, he

was awaiting federal grand jury proceedings, and was "under the care and control" of the USMS "and those contracted facilities." During intake processing at the JCDC, he stated that he has Jobbs Syndrome, back problems and had been prescribed medication by his private physician. On March 31, 2008,[1] plaintiff requested to see medical staff due to back pain and a skin infection on his shoulder. About five days later, plaintiff "received a written response . . . that his medical request was sent to the 'Feds' for approval." The medical treatment was approved, and on April 4, 2008, plaintiff was scheduled to see "the jail's contract medical staff" for the infection on his shoulder that "was becoming increasingly worse." He was not seen for unknown reasons even though other inmates were seen, and was rescheduled to the following week. The same occurred on April 9, 2008. On April 16, 2008, he was seen "by Defendant Holton" and prescribed an antibiotic. On September 23, 2008, he requested medical attention for a "nasal infection outside his nose." He was seen "shortly thereafter," a culture was done, and medicine was prescribed. On September 27, 2008, a positive finding of Methicillian-Resistant Staphlococcus Aureus (MRSA) was made from the culture. New medication was prescribed, but "no follow up care was given." However, plaintiff also alleges that during April through December 2008, he was treated for MRSA and charged for prescriptions and medical treatment.[2]

On December 12, 2008, plaintiff was "granted pretrial release"

---

[1] The dates provided by plaintiff are preceded by "on or about."

[2] A pretrial detainee's right to receive adequate medical care is protected by the Fourteenth Amendment and the standard for evaluating his claim is the same as under the Eighth Amendment. A plaintiff must allege "deliberate indifference to serious medical needs." Meade v. Grubbs, 841 F.2d 1512, 1530 (10th Cir. 1988); Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985).

and allowed to return to California. While on pretrial release in California from April 2009 through October 2009, plaintiff was treated for "MRSA outbreaks" by private healthcare providers. His treatment included "several surgical procedures" that caused significant pain and "scar deformities." He was required to have "multiple (30 plus debridements) and extensive surgery to remove scar tissue" from his back "the size of a football" in "hopes of getting the tissue to heal" and to "remove the active and extremely painful calcified MRSA."

Plaintiff claims that defendants "knowingly and willfully" failed to follow "routine maintenance" for sanitary and healthful living conditions "to prevent disease", including failure to implement screening measures for infection for all inmates, and that substandard conditions at the JCDC resulted in him and "a number of other detainees" being exposed to and infected with MRSA.[3] He also claims that he was denied proper diagnosis and treatment, which resulted in "prolonged and improper initial treatment" and caused "irreparable harm, pain, and unneeded suffering." Plaintiff claims that as a result of the MRSA, his immune system has been permanently damaged so that he is in need of life long medical care and treatment, and that he has suffered significant pain and scar deformities from multiple surgical procedures. He further claims that as a direct result of the MRSA, he has suffered from "multiple psychological conditions" including a form of post traumatic stress,

---

[3] Plaintiff alleges that on or about November 23, 2009, "the United States District Court for the District of Kansas found that plaintiff's MRSA condition was in fact contracted while plaintiff was incarcerated at the (JCDC)." Taking judicial notice of the criminal court file, the court can find no such recorded finding at this time. Nor is that a finding that would normally be entered in a criminal case. See U.S. v. Martino, 08-cr-40027-SAC (terminated 12/15/2009).

3

depression and others requiring ongoing psychological and psychiatric treatment. Plaintiff additionally alleges that he is now uninsurable, has incurred thousands of dollars in medical and pharmacy costs due to his MRSA condition, and that he has been sued and harassed by collection agencies as a result of his outstanding medical bills.

Plaintiff generally claims that defendant Meffron "was responsible for the inmate supervision, control, security, hygiene, food service, physical plant, and staff and training among other things for all federal detainees" being held at the JCDC. He further claims that Jackson County "was responsible for the well being of all individuals incarcerated in" JCDC, and that defendants Cornell and Gilchrist and other unknown individuals were responsible for "the operations of the jail system." He also claims that "pursuant to the agreement between" the USMS and Jackson County, "the responsibility for federal inmates requiring medical and or dental care must first be approved by the U.S. Marshal," that the JCDC by and through the Sheriff is responsible for arranging medical and dental visits to health care facilities, and that the Sheriff has the "ultimate responsibility to make sure" standards are followed and agreements are complied with.

**SCREENING**

Because Mr. Martino is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all

4

materials filed, the court finds the complaint is subject to being dismissed.

**LEGAL STANDARDS**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds that this complaint is subject to being dismissed for the following reasons.

**FORM COMPLAINT REQUIRED**

Plaintiff's complaint is not upon court provided forms as required by local rule. He shall be given time to submit his complaint upon forms. If he fails to comply with this requirement within the time allotted, this action may be dismissed without further notice.

**IMPROPER DEFENDANTS**

Defendant Jackson County Detention Center is a jail building and not a "person" subject to a suit for money damages in a civil rights action. "Holton Family Health Clinic" is also not a person. Accordingly, these defendants should be dismissed from this action. It is not clear whether or not Mr. Martino meant to name the County as a defendant. If he did, he must allege sufficient facts in his from complaint, as opposed to conclusory statements, indicating municipal liability. "Municipal entities and local governing bodies" such as counties do not enjoy absolute immunity from suit under § 1983." Moss v. Kopp, 559 F.3d 1155, 1168 (10th Cir. 2009). However, "[t]o establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." Id. Plaintiff appears to be seeking to hold Jackson County liable based upon the acts of its individual county

6

employees. "'[A] municipality cannot be liable under § 1983 on a respondeat superior theory.'" Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993)(quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

**STATUTE OF LIMITATIONS**

"[An] action brought pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1331,[4] is subject to the statute of limitations of the general personal injury statute in the state where the action arose." See United States v. Kubrick, 444 U.S. 111, 120 (1979); Hardin v. Straub, 490 U.S. 536, 539 (1989). K.S.A. § 60-513(a)(4) provides a two-year limitations period for bringing an action "for injury to the rights of another."

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." Id. at 388 (internal

---

[4] A claim of violation of constitutional rights by a federal official or employee may be raised under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) pursuant to 28 U.S.C. § 1331. See Martelon v. Temple, 747 F.2d 1348, 1350-51 (10th Cir. 1984), cert. denied, 471 U.S. 1135 (1985)(noting that while 42 U.S.C. § 1983 claims are brought against state officers, equivalent actions against federal officials must be brought pursuant to Bivens). Section 1331 provides jurisdiction over a civil action "arising under the Constitution, laws or treaties of the United States." In Bivens, the U.S. Supreme Court recognized an implied private remedy for damages for violation of the Fourth Amendment by "a federal agent acting under color of his authority." The Supreme Court later extended Bivens to provide a damages remedy for violation of the Fifth Amendment Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979); and violation of the Eighth Amendment's guarantee against cruel and unusual punishment, see Carlson v. Green, 446 U.S. 14 (1980). "Like an action brought under 42 U.S.C. § 1983, a Bivens action as a general matter 'is subject to the statute of limitations of the general personal injury statute in the state where the action arose'." Turner v. Schultz, 130 F.Supp.2d 1216, 1221 (D.Colo. 2001)(citing Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).

quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006), cert. denied, 549 U.S. 1059 (2007)(internal quotation marks and citation omitted); see Thorpe v. Ancell, 367 Fed.Appx. 914, (10th Cir. 2010)(unpublished).[5] A district court may dismiss a complaint filed by an inmate if it is patently clear from the allegations tendered that the action is barred by the statute of limitations. Fogle, 435 F.3d at 1258-59 (citing Jones v. Bock, 549 U.S. 199, 214 (2007)); Brown v. Unified School Dist. 501, Topeka Public Schools, 465 F .3d 1184, 1188 (10th Cir. 2006)(citations omitted); Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991); see Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995)(district court may consider affirmative defenses sua sponte when the defense is obvious from the face of the complaint.).

It plainly appears from the face of the complaint that plaintiff's claims for actions and inactions that occurred at the JCDC are barred by the applicable statute of limitations. All the acts or inactions alleged in the complaint as the cause of plaintiff's contraction of MRSA at the JCDC, including failure to immediately diagnose and provide adequate treatment, obviously occurred on or before December 12, 2008, since he was released to California on or about that date. Plaintiff's claims based upon these events therefore appear to have accrued no later than December 12, 2008, and the two-year statute of limitations began running under Kansas law at that time. Plaintiff's complaint was executed

---

[5] The unpublished opinions cited herein are not cited as binding precedent but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

on March 30, 2011. Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. To the extent that plaintiff is attempting to recover for claims of unconstitutional conditions of confinement and denial of timely and adequate medical treatment for MRSA at the JCDC in violation of the Eighth Amendment, his claims appear to be barred by the applicable statute of limitations. Plaintiff will be given time to show cause why these claims should not be dismissed as barred by the applicable statute of limitations.

To the extent that plaintiff is claiming negligence on the part of the defendants who are employees of the USMS, those claims appear to be time barred under 28 U.S.C. § 2675(a). The USMS is an agency of the United States. Plaintiff claims that the named and John Doe defendants employed by the USMS acted in a negligent manner. Under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. (FTCA), a prospective plaintiff must first present his claim in writing to the appropriate federal agency before he may maintain a common law tort claim against an employee of the United States based upon acts taken within the scope of his or her employment. 28 U.S.C. § 2675(a). Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail. . . .

The statute of limitations for submitting an administrative tort claim to the agency is two years. 28 U.S.C. § 2401(b). The only proper defendant in an FTCA complaint is the United States.

"Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991)(citation omitted). Plaintiff has not established, or even alleged, that he has met this administrative prerequisite. Consequently, this court appears to lack subject matter jurisdiction over his common law tort claims against the actual defendant in such claims, the United States, and these claims are subject to being dismissed.[6]

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit his complaint upon forms provided by the court and to show cause why his claims should not be dismissed as barred by the statute of limitations and for the other reasons stated herein.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2011, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge

---

[6] Whether the district court has subject matter jurisdiction over an FTCA claim is a question of law. Estate of Trenadue v. U.S., 397 F.3d 840, 852 (10th Cir. 2005).